IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-08-0139 |
| v. | : | (Judge McClure) |
| BRIAN D. SNYDER, | : | |
| Defendant | : | |

## ORDER

September 30, 2008

**BACKGROUND:**

Defendant, Brian D. Snyder, having previously entered a plea of guilty, was sentenced on September 4, 2008 to fifty-one (51) months imprisonment.

Snyder had been free on pretrial release prior to sentencing and at sentencing he was given a report date of October 1, 2008 at or before 2:00 p.m. His report location has since been designated as FCI Loretto.

Now before the court is Snyder's motion for reconsideration of sentence, pursuant to Fed. R. Crim. P. 35(a),[1] filed on September 16, 2008. That motion has not been concurred in by the government.

---

[1] Defendant fails to cite to Fed. R. Crim. P. 35 in his motion for reconsideration. However, defendant identifies the procedural basis for the motion at bar in his motion to delay his report date. (Rec. Doc. No. 27, ¶4).

In the motion defendant seeks leave of the court to file objections to the presentence investigation report, requests a hearing to provide testimony and evidence regarding the same and seeks the opportunity to fully brief its objections to the presentence report.  The defendant also seeks to delay his scheduled report date of October 1, 2008 by approximately ninety (90) days, to January 2, 2009, to permit him to remain "freely available to his recently-retained counsel."  (Rec. Doc. No. 24, ¶16).

Defendant challenges the enhancements from the base offense level, asserting that he did not have an adequate opportunity to contest those enhancements, (Id. at ¶¶11,15) and that the guideline range reached by the court was higher than appropriate as a result.  (Id. at ¶14).  Defendant contends that no formal objections were filed to the enhancements and that, although evidence, witnesses and arguments regarding the objections were proffered during sentencing, the sentencing hearing is an inappropriate forum to lodge such objections to the enhancements.  (Id. at ¶¶12-13).

While we find these arguments to be baseless, we need not address their merit.   Under Fed. R. Crim. P. 35(a), we "may correct a sentence that resulted from arithmetical, technical, or other clear error" within seven (7) days of sentencing.  If a court does not correct the sentence within this seven-day period, it

lacks jurisdiction to alter defendant's sentence.  United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007); United States v. Bolden, 2008 WL 3914832, at *2 (W.D. Pa. Aug. 20, 2008) (citing Higgs, 504 F.3d at 464; United States v. Colaizzi, 2007 WL 3120423, at *1 (W.D. Pa. Oct. 22, 2007)); United States v. Harris, 2005 WL 23338, at *3 (E.D. Pa. Jan. 4, 2005).  Therefore, because more than seven (7) days have passed since defendant was sentenced on September 4, 2008, we may not exercise jurisdiction over the defendant's motion for reconsideration.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant Snyder's motion for reconsideration (Rec. Doc. No. 24, filed September 16, 2008) is denied.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
